UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT MOORE, | No. 1:16-cv-00895-DAD-JLT (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS (DOC. NO. 17)** |
| v. | |
| STAINER, Warden, et al., | **[TWENTY-ONE DAY OBJECTION DEADLINE]** |
| Respondents. | |

On May 30, 2016,[1] Petitioner filed the instant federal petition for writ of habeas corpus challenging the findings of a May 13, 2013, disciplinary hearing wherein he was found guilty of sexual misconduct/masturbation with priors. (Doc. No. 1.) On August 25, 2016, Respondent filed a motion to dismiss the petition as untimely. (Doc. No. 17.) Petitioner did not file an opposition. Rather, on November 3, 2016, he filed a notice of request to voluntarily dismiss the petition. (Doc. 20). The Court will recommend the petition be **DISMISSED**.

**DISCUSSION**

A.    Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition as being filed outside

---

[1] Although the petition was filed in this Court on June 15, 2016, Petitioner signed the petition on May 30, 2016. Pursuant to the mailbox rule, the Court will consider the federal petition, as well as Petitioner's state court filings, filed on the date he signed the petitions (or the date of signing of the proof of service if no signature appears on the petition) and presumably handed them to prison authorities for mailing. Houston v. Lack, 487 U.S. 166, 276 (1988).

1

the one-year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. Id.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed on May 30, 2016, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). In most cases, the limitation period begins running on the date the petitioner's direct review became final. However, where a petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is

1  denied.  Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that the Board of Prison
2  Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's
3  claim that triggered the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d
4  1061, 1066 (9th Cir. 2004) (holding that the statute of limitations does not begin to run until a
5  petitioner's administrative appeal has been denied).

6       Petitioner pursued his administrative remedies until the final administrative appeal was
7  denied on December 5, 2013.  (Pet. at 49-50.)  Under 28 U.S.C. § 2244(d)(1)(D), Petitioner had
8  one year from the following day, i.e., December 6, 2013, until December 5, 2014, absent
9  applicable tolling, in which to file his federal petition.  As mentioned, Petitioner did not file the
10 instant petition until May 30, 2016, which was well after the limitation period had expired.
11 Absent any applicable tolling, the petition is untimely.

12 C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

13      Under the AEDPA, the statute of limitations is tolled during the time that a properly filed
14 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
15 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
16 governing filings, including the form of the application and time limitations.  Artuz v. Bennett,
17 531 U.S. 4, 8 (2000).  An application is pending during the time that "a California petitioner
18 completes a full round of [state] collateral review," so long as there is no unreasonable delay in
19 the intervals between a lower court decision and the filing of a petition in a higher court.
20 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as*
21 *recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (per curiam) (internal quotation
22 marks and citations omitted); Evans v. Chavis, 546 U.S. 189, 193-194 (2006).

23      Petitioner filed his first state habeas petition on January 13, 2014, in the Kern County
24 Superior Court.  At that point, 38 days of the limitations period had expired (December 6, 2013,
25 to January 13, 2014).  Petitioner is entitled to tolling for the full round of collateral review in the
26 state courts until the California Supreme Court denied the final petition on June 10, 2015.  The
27 statute of limitations recommenced on June 11, 2015, and with 327 days remaining, expired on
28 May 3, 2016.  The instant federal petition, filed on May 30, 2016, is therefore untimely.

D.      Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107. In this case, Petitioner makes no claim to entitlement of equitable tolling and in fact has requested that the petition be dismissed.

## RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the motion to dismiss (Doc. 17), be **GRANTED** and the habeas corpus petition be **DISMISSED** for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections. The

Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 19, 2016**              /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE